# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 610
**SECURITIES SER. CO. v. MARKGRAF et**
Ohio Appeals, 6th Dist., Lucas Co.
No. 1531.   Decided May 25, 1925

**106. ASSIGNMENT—1. If writing claimed to be assignment, does not give assignee control over subject matter, it is not an assignment.**

**2. Where a writing is of ambiguous import, the interpretation given it by the parties will control.**

RICHARDS, J.

This action was one in interpleader commenced by the France Stone Co. for the purpose of determining the rights of claimants to $1400 in its possession. The controversy arose out of a collision between a truck owned by Ernest Markgraf and an engine of the France Stone Co. There was a compromise and Markgraf received $1400. Now the chattel mortgage which Markgraf had executed on the truck and which was so executed to the Gary Motor Truck Co. was transferred and assigned together with the note to the Securities Service Co.

The Lucas Common Pleas held that Charles Lawton was entitled to $700 for legal services rendered and Markgraf was entitled to the other $700. Error was prosecuted and the Securities Co. contended that it was entitled to the other $700 and not Markgraf. After the collision, the truck was repaired and sold to help pay the amount due on the mortgage note, and it was admitted for the truck, lacked $1000 of being sufficient to pay the amount of the mortgage. It was further contended that a writing signed by Markgraf in which he agreed to turn over all money coming to him from the collision with the engine of the France Stone Co., to the Securities Co. to be applied on his note, was an equitable assignment in its favor of the amount due from the France Stone Co., or at least that it created an equitable lien on the fund in its favor.

Markgraf contended that the written instrument amounted to no more than a promise by him to turn over all moneys which he should receive from the France Stone Co. to the Securities Service Corp., and that it does not constitute an equitable assignment of the fund nor create a lien thereon. The Court of Appeals held:

1. If there was an equitable assignment of the fund to the Securities Corp., then the assignee would have had a right to control the litigation for damages growing out of the collision which was expected to arise and which in fact did arise.

2. All the parties clearly contemplated that Markfraf was entitled to control the litigation and he did so with their knowledge and approval, the action being brought in his name and the compromise with the France Stone Co. being effected by him without interference by any other parties.

3. It is a fundamental principle of law that where a writing is of ambiguous import, the interpretation given to it by the parties will control. Judgment affirmed.

Attorneys—Denman, Wilson, Miller & Wall for Securities Co.; Charles T. Lawton & R. D. Logan for Markgraf; all of Toledo.